**The document below is hereby signed.**

**Dated: June 30, 2011.**

_____
S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA
```

```
In re                         )
                              )
TEGESTE TESOME KETAW,         )   Case No. 11-00380
                              )   (Chapter 11)
          Debtor.             )   Not for Publication in
                              )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER
DENYING EMERGENCY MOTION TO EXTEND AUTOMATIC STAY

The debtor's Emergency Motion to Extend the Automatic Stay, as amended, seeking relief under 11 U.S.C. § 362(c)(3)(B), must be denied. The motion was not filed in sufficient time to permit, as required by § 362(c)(3)(B), an order to issue "after notice and a hearing completed before the expiration of the 30-day period" after the filing of this case.

I

On May 18, 2011, the debtor filed a voluntary petition commencing this case. The debtor had another case pending within the preceding one-year period that was dismissed on grounds other than under 11 U.S.C. § 707(b). Accordingly, under 11 U.S.C. § 362(c)(3)(A), the automatic stay of 11 U.S.C. § 362(a) "with respect to any action taken with respect to any debt or property

securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case[.]"  Section 362(c)(3)(B), however, authorizes the court to extend the automatic stay if certain conditions are met, but only "after notice and a hearing completed before the expiration of the 30-day period."

On June 17, 2011, the 30th day after the commencement of this case, the debtor filed at 5:47 p.m. the initial Emergency Motion to Extend the Automatic Stay (Dkt. No. 32).[1]  Filing towards the end of the day on the 30th day after the filing of the case did not leave sufficient time for the court to set a hearing on notice in sufficient time to issue an order within the 30-day deadline of § 362(c)(3)(B).  Relief under that provision is thus unavailable.

                                II

Steps can be taken by a debtor's counsel to assure that § 362(c)(3)(B) relief can be obtained in a timely fashion. Section 362(c)(3)(B) authorizes an extension of the automatic stay only "after notice and a hearing."  Under 11 U.S.C. § 102(1), "after notice and a hearing", or similar phrase:

>     (A) means after such notice as is appropriate in the

---

[1] On June 24, 2011, the debtor filed an amended version of the Emergency Motion to supply a correct signature of the debtor's attorney.  The filing of the amended Emergency Motion (Dkt. No. 47) will be treated as relating back to the filing of the initial motion at 5:47 p.m. on June 17, 2011.

2

>    particular circumstances, and such opportunity for a
>    hearing as is appropriate in the particular
>    circumstances; but
>       (B) authorizes an act without an actual hearing of
>    such notice is given properly and if--
>          (i) such a hearing is not requested timely by
>       a party in interest; or
>          (ii) there is insufficient time for a hearing
>       to be commenced before such act must be done, and
>       the court authorizes such act[.]

This court's Local Bankruptcy Rules address this requirement of "notice and a hearing" in LBR 9013-1(b).  Specifically, LBR 9013-1(b)(3) requires giving notice of an opportunity to oppose a motion in order to comply with any statutory requirement that relief be granted only "after notice and a hearing," and LBR 9013-1(b)(4) sets the opportunity deadline at 14 days after service of the motion.[2]  Unless service is made by hand delivery, three days must be added to the 14-day deadline after it would otherwise expire.  Fed. R. Bankr. P. 9006(f).  That results in the motion not being ripe for a ruling until at least 17 days have transpired after giving notice (and, by reason of Fed. R. Bankr. P. 9006(a)(1)(C), if the 14-day deadline fell on a holiday or a weekend, until up to 20 days have transpired after giving notice).  That makes things tight for getting a ruling within the 30-day window of § 362(c)(3)(B).

---

[2]  Although the court can shorten the LBR 9013-1 deadline for cause shown, a debtor's counsel is placing his client at risk if the counsel's inattentiveness is the reason for having to seek a shortening of time.

3

As contemplated by LBR 9013-1, and the applicable Local Official Form (renumbered Local Official Form No. 3 effective July 1, 2011) for giving notice, if no one opposes the motion by the specified deadline, the court may grant the motion without a hearing.  If an opposition *is* filed, then little time is left within which to hold a hearing on the motion, and to give reasonable advance notice of the hearing.  Even before the deadline for oppositions has expired, it behooves the debtor's counsel to obtain a hearing date from the clerk and give reasonable advance notice to creditors of the hearing date (to be held within the 30-day window).

As a practical matter, the 30-day deadline of § 362(c)(3)(B) imposes upon the debtor's counsel these obligations:

- any motion for relief under that provision must be filed with, or promptly after, the filing of the debtor's petition;
- any such motion must include a notice under Local Bankruptcy Rule 9013-1(b)(3) and Local Official Form 3 of the opportunity to oppose the motion; and
- the debtor's counsel must obtain a hearing date from the clerk, and must give notice of that hearing with the filing of the motion, or shortly thereafter, in order to assure that, with reasonable advance notice to affected creditors, any actual hearing is held prior to

the expiration of the 30-day deadline.
None of those steps were taken here.

In some circumstances, the court may allow a party to give notice of an actual hearing on a motion without giving LBR 9013-1 notice of an opportunity to file an opposition to the motion ahead of the hearing.  That route, however, generally ought to be avoided so that uncontested motions can be disposed of without the necessity of an actual hearing, and the court has the discretion to insist that LBR 9013-1 notice of an opportunity to oppose the motion be given before an actual hearing.  If a debtor filing a § 362(c)(3)(B) motion has failed, without justifiable excuse, diligently to pursue promptly filing the motion, thus creating the necessity of sidestepping the LBR 9013-1 notice requirement and proceeding to an actual hearing if the motion is to be disposed of by the 30-day deadline, that would be grounds for denying the motion.  Here, in any event, resort to proceeding to an actual hearing without LBR 9013-1 notice would have been impossible given when the debtor's motion was filed.

                                III

In accordance with the foregoing, it is

ORDERED that the Emergency Motion to Extend the Automatic Stay (Dkt. No. 32 as amended by Dkt. No. 42) is DENIED.  The

clerk shall post a copy of this document outside the court's courtroom until September 30, 2011.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notifications.